UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RADIO FLYER INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| FLYER AG | ) |
| AKTIENGESELLSCHAFT | ) |
| Switzerland, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Radio Flyer Inc. ("Radio Flyer") asserts the following claims against Flyer AG Aktiengesellschaft Switzerland ("Flyer AG").

### SUMMARY

1. Radio Flyer holds a unique place in U.S. culture: it has made RADIO FLYER wagons for generations, providing countless hours of pure, imaginative, and family-oriented enjoyment to children and adults regardless of their station in life. The company's appeal is even more compelling given its storybook origin: just after the turn of the 20th century, a young man from Italy comes to the United States with nearly nothing and through vision, persistence, and a belief in his abilities and in his newly adopted country, builds a company that today owns one of the most instantly recognizable trademarks in the United States: RADIO FLYER. Today's owners of the company descend from that young man, and honor his legacy by continuing to sell RADIO FLYER wagons and using their own vision, persistence, and belief in the

1

American dream to build innovative products. This lawsuit seeks to protect Radio Flyer's trademarks and copyrights from a late-comer—Flyer AG—that (on information and belief) has recently decided to use FLYER to sell e-bikes in the United States. Flyer AG has done so with unquestionable knowledge of Radio Flyer's prior use of RADIO FLYER, prior use of PRO FLYER, and prior use of FLYER on e-bikes in the United States. Flyer AG has also chosen to use a visual presentation of FLYER that copies the visual presentation of Radio Flyer's PRO FLYER trademark. Radio Flyer invokes the Court's authority to protect the public from confusion, and to preserve the legal rights that Radio Flyer has spent decades building.

## PARTIES

2. Radio Flyer is an Illinois corporation with a principal place of business at 6515 West Grand Avenue, Chicago, Illinois 60707.

3. Upon information and belief: Flyer AG is a Swiss stock corporation having its registered office in Huttwil, Switzerland; it operated under the company name Biketec AG until 2019, when it was renamed FLYER AG; it sells bikes for adults through dealers, and sells mainly in Switzerland, Germany, Austria, Holland, Belgium, France, Italy, and Norway.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Counts I through III pursuant to 28 U.S.C. § 1331 and § 1338(a) because they arise under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq*. This Court also has subject matter jurisdiction over the Counts pursuant to 15 U.S.C. § 1121 because they arise under Chapter 22 of Title 15.

5. This Court has subject matter jurisdiction over Count IV pursuant to 28 U.S.C. § 1331 and § 1338(a) because it arises under the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq*.

6. This Court has subject matter jurisdiction over all Counts pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

7. This Court has subject matter jurisdiction over Counts V and VI pursuant to 28 U.S.C. § 1367 because they are so related to claims over which this Court has subject matter jurisdiction (*see* ¶¶ 4-6, above) that they form part of the same case or controversy. This Court has subject jurisdiction over the Counts pursuant to 28 U.S.C. § 1338(b) also because they are joined with substantial and related claims under the Lanham Act.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and (c)(3) because a substantial part of the events giving rise to the claims alleged herein occurred in this District, and because Flyer AG is not resident in the United States.

## FACTS

### A. Radio Flyer: Its History and Today

9. Few American companies can rival the iconic history of Radio Flyer. Sixteen-year-old Antonio Pasin left a small town near Venice, Italy in 1914 in search of a better life in America. He landed in Chicago and found work where he could: in construction, washing celery, and carrying water. He saved his money and rented a one-room workshop on Chicago's west side to build phonograph cabinets, drawing on

skills he had learned from his father and grandfather who were cabinet makers. Antonio called his company the Venetian Furniture Company.

10. Antonio loved to tinker and create, so he soon started making other products. One was a red wooden coaster wagon, which he named the Liberty Coaster—Antonio's way of paying respect to the statue that greeted him as his long voyage approached America's shores. Antonio made the wagons at night and peddled them to local hardware stores during the day, carrying a battered suitcase with small samples. Before long, Antonio was selling more wagons than phonograph cabinets. It was then 1917, and Radio Flyer was born in Chicago—where it remains.

11. In the 108 years since Antonio humbly arrived in the States, the red wagons Antonio designed, built, promoted, and sold under the now-famous RADIO FLYER trademark have become part of America's story. RADIO FLYER wagons have delighted generations of children with their first set of wheels, inspiring creative play as wagons are transformed into rocket ships, race cars, and airplanes, transporting children anywhere they can imagine. Parents, grandparents, aunts, uncles, and friends share in the wholesome joy that RADIO FLYER wagons bring.

12. Today, Antonio's Radio Flyer company is under the management of the third generation of Pasins. The family continues to sell RADIO FLYER red wagons. It also sells many other products, including tricycles, strollers, ride-on vehicles, scooters, bikes, go-karts, backyard play equipment, and inflatable bounce houses. In addition, Radio Flyer sells a variety of accessories for those products.

### B. Radio Flyer's Use of RADIO FLYER

13. Radio Flyer uses, and has for decades used, RADIO FLYER as its trademark on wagons, bicycles, tricycles, scooters, ride-on vehicles, and apparel, as well as on many other products.

14. RADIO FLYER is an inherently distinctive trademark when used on wagons, bicycles, tricycles, scooters, ride-on vehicles, apparel, and on many other products.

15. Radio Flyer has spent millions of dollars and significant time and effort advertising and promoting its many RADIO FLYER-branded products. Radio Flyer has sold many millions of RADIO FLYER-branded products. As a result, the RADIO FLYER trademark has acquired strong secondary meaning that identifies a single source of RADIO FLYER-branded products.

16. Moreover, as a result of, among other things, Radio Flyer's lengthy use of RADIO FLYER, Radio Flyer enjoys strong common law trademark rights in RADIO FLYER.

17. RADIO FLYER is one of Radio Flyer's most valuable assets.

18. Several panels of dispute resolution service providers, acting under the authority of the Internet Corporation for Assigned Names and Numbers ("ICANN") and pursuant to ICANN'S Uniform Domain Name Resolution Policy, have held that RADIO FLYER is "famous," enjoys "widespread public notoriety," "fame," and "widespread publicity and recognition," represents "invaluable goodwill," and is "exceedingly strong, based on [its] inherent distinctiveness and commercial strength." *See* **Exhibit A**.

19. The relevant purchasing public and the relevant trade in the United States associates FLYER as a nickname for, and equivalent to, RADIO FLYER, and has done so since well before November 23, 2018. Radio Flyer therefore enjoys the same common law protection for FLYER as it does for RADIO FLYER.

C. Radio Flyer's RADIO FLYER Trademark Registrations

20. The U.S. Patent & Trademark Office ("USPTO") has issued at least 80 federal trademark registrations to Radio Flyer. *See* **Exhibit B**. Each registration is valid and in full force. Radio Flyer has the incontestable right to use the marks that are the subject of many of the registrations. *See* 15 U.S.C. § 1065.

21. The following chart shows some of Radio Flyer's trademark registrations listed in Exhibit B that include FLYER. Copies of these selected registrations are in **Exhibit C**.

| Mark | Reg. No. Reg. Date | Goods |
|---|---|---|
| RADIO FLYER | 635875 Oct. 16, 1956 | Class 28: Coaster wagons and scooters |
| RADIO FLYER (logo) | 5811914 July 23, 2019 | Class 12: Wagons; bicycles; tricycles not being toys; push scooters. |
| RADIO FLYER (logo) | 1661830 Oct. 22, 1991 | Class 28: Children's wagons |
| RADIO FLYER | 5811913 July 23, 2019 | Class 12: Wagons; bicycles; tricycles not being toys; push scooters. |
| RED FLYER | 5092472 Nov. 29, 2016 | Class 12: Wagons, tricycles, and scooters. |

6

| Mark | Reg. No. Reg. Date | Goods |
|---|---|---|
| RED FLYER | 5120508 Jan. 10, 2017 | Class 25: Children's apparel, namely, shirts, shorts, t-shirts, sweaters, blazers, jackets, pants, head bands, socks, shoes, and caps; men's and women's clothing, namely, jackets and caps |
| RED FLYER | 1912637 Aug. 15, 1995 | Class 28: Children's wagons |
| PRO FLYER | 4201512 Sep. 4, 2012 | Class 12: Kick scooter |
| FLYER 500 | 3935563 March 22, 2011 | Class 28: Ride-on toys |
| BIG FLYER | 3373636 Jan. 22, 2008 | Class 28: Ride-on toys |

### D. Radio Flyer's Use and Registration of PRO FLYER

22. Radio Flyer uses, and has since at least as early as December 2011 used, PRO FLYER as its trademark for scooters.

23. PRO FLYER is an inherently distinctive trademark when used on scooters.

24. Radio Flyer has spent substantial time, effort, and money advertising, promoting, and selling its PRO FLYER-branded scooters. As a result, the PRO FLYER trademark has acquired strong secondary meaning that identifies a single source of PRO FLYER-branded scooters.

25. Moreover, as a result of, among other things, Radio Flyer's lengthy use of PRO FLYER, Radio Flyer enjoys strong common law trademark rights in PRO FLYER.

26. The PRO FLYER trademark is another of Radio Flyer's valuable assets.

27. The USPTO has registered Radio Flyer's PRO FLYER trademark for use on kick scooters. *See* **Exhibit D**, Reg. No. 4201512. Radio Flyer's PRO FLYER registration is valid and in full force. Radio Flyer has the incontestable right to use PRO FLYER for kick scooters. *See* 15 U.S.C. § 1065.

### E. Radio Flyer's PRO FLYER Copyrighted Work

28. Radio Flyer is the sole author of the work shown below (the "Pro Flyer Work"):



29. The Pro Flyer Work is wholly original with Radio Flyer, and Radio Flyer solely owns all right, title, and interest therein, including all copyrights in the Work.

30. Radio Flyer applied to register its copyrights in the Pro Flyer Work on August 10, 2022. The U.S. Copyright Office rejected the application on August 11, 2022, taking the position that the Work does not possess sufficient creative authorship. *See* **Exhibit E**.

31. On August 26, 2022, Radio Flyer requested reconsideration of the Copyright Office's rejection under 37 C.F.R. § 202.5(b). *See* **Exhibit F**. The request is pending.

32. Once Radio Flyer files this complaint and is assigned a case number, Radio Flyer will notify the U.S. Copyright Office of this action and serve a copy of the Complaint on the U.S. Copyright Office. *See* 17 U.S.C. § 411(a).

8

### F. Radio Flyer's FLYER e-bikes

33. Using traditional technologies, Radio Flyer designed and manufactured various battery powered ride-on products for over 10 years, and sold its first battery powered ride-on product in 2014.

34. At the same time, Radio Flyer devoted substantial resources to designing and manufacturing the next generation of battery technology for use with ride-on products. Radio Flyer's efforts quickly paid off, as it sold its first ride-on products using lithium ion batteries in March 2016.

35. In August, 2021, Radio Flyer began selling lithium ion-powered e-bikes in the United States using the following mark:



36. e-bikes are traditional bicycles equipped with electric motors that assist riders while they pedal. The motors get their power from a rechargeable battery mounted on the bike.

37. Radio Flyer's FLYER e-bikes represent one of the company's most innovative line of products. They embody the same attention to design, detail, quality, and safety that has defined the company's products, including its many RADIO FLYER products, for over a century. FLYER e-bikes offer consumers a convenient way to explore their world. The FLYER line is complemented with thoughtfully designed accessories made with safety in mind. FLYER e-bikes offer families a fun and sustainable mode of transportation as an alternative to gas-powered vehicles.

9

38. Radio Flyer has received significant acclaim from various industry publications for its FLYER e-bikes. *See*, *e.g.*, https://electrek.co/2021/11/12/i-tested-radio-flyers-first-electric-bike-and-its-even-more-fun-thantheir-red-wagons/.

39. Consumers can buy FLYER e-bikes only from Radio Flyer, through its website. *See* https://flyer.radioflyer.com.

### G. Flyer AG's Use and Registration of FLYER on e-bikes

40. Flyer AG is not citizen of the United States, was not created or organized in the United States, and is not domiciled in the United States.

41. Flyer AG has no offices (through a subsidiary or otherwise) or physical presence in the United States. *See* https://www.flyer-bikes.com/en/company-profile.

42. On information and belief, Flyer AG contends that it sells e-bikes in the United States under the following trademark:

**FLYER**

43. On information and belief, and based on Flyer's contention, Flyer AG first sold e-bikes in the United States under the mark shown in ¶ 42 well after Radio Flyer began using RADIO FLYER in the United States—even after Radio Flyer began using FLYER in the United States.

44. On information and belief, and based on Flyer's contention, Flyer AG first sold e-bikes in the United States under the mark shown in ¶ 42 well after the relevant purchasing public and the relevant trade in the United States began associating FLYER with Radio Flyer.

45. On information and belief, and based on Flyer's contention, Flyer AG first sold e-bikes in the United States under the mark shown in ¶ 42 well after Radio Flyer began using PRO FLYER in the United States.

46. On information and belief, Flyer AG owns United States trademark registration no. 6230698 for the mark shown in ¶ 42 for use on "electric bikes, not for children" (and other goods not relevant here). *See* **Exhibit G**.

47. The USPTO issued trademark registration no. 6230698 to Flyer AG on December 29, 2020, based on a trademark application that, on information and belief, Flyer AG had filed with the USPTO on May 15, 2019, which claimed November 23, 2018, as a priority date (in reference to International Reg. No. 1500098).

48. On information and belief, Flyer AG was not, as of May 15, 2019, using the mark shown in ¶ 42 (or any version of FLYER) in the United States.

### H. The Parties' Trademark Coexistence Agreement

49. On February 2, 2018, Radio Flyer entered into a Trademark Coexistence Agreement (the "Agreement") with Flyer AG (which, on information and belief, was then doing business as Biketec AC). *See* **Exhibit H.**

50. Radio Flyer is, and has at all relevant times been, in compliance with the terms of the Agreement.

51. Paragraph 3 of the Agreement prohibits Flyer AG from, among other things, opposing or challenging Radio Flyer's use of marks that contain the term FLYER.

52. On April 21, 2022, Flyer AG filed a lawsuit against Radio Flyer in Switzerland, in the Commercial Court of the Canton of Berne (the "Switzerland

11

Complaint"). See **Exhibit I**.[1] Flyer AG's Switzerland Complaint opposes and challenges Radio Flyer's use of FLYER by alleging that: the Agreement prohibits Radio Flyer from using FLYER for adult e-bikes in the United States and Canada; Radio Flyer uses FLYER in the United States for adult e-bikes; and, therefore, Radio Flyer is in breach of the Agreement.

53. Flyer AG's Switzerland Complaint asks, among other things, that the Commercial Court issue an order prohibiting Radio Flyer from using FLYER for adult e-bikes in the United States and Canada.

54. Radio Flyer answered the Switzerland Complaint on August 16, 2022. Radio Flyer denies that it is in breach of the Agreement because, among other things, the Agreement contains no provision prohibiting Radio Flyer from using FLYER for adult e-bikes anywhere in the world.

55. Flyer AG has breached ¶ 3 of the Agreement by filing the Switzerland Complaint that opposes and challenges Radio Flyer's use of FLYER in the United States and Canada. Flyer AG's breach terminated the Agreement on April 21, 2022.

### COUNT I: UNFAIR COMPETITION, 15 U.S.C. § 1125(a), BASED ON RADIO FLYER'S PRIOR RIGHTS IN FLYER

56. Radio Flyer incorporates and realleges the factual allegations set forth in all other paragraphs of this Complaint as though set forth fully herein.

57. Flyer AG's use of FLYER on e-bikes is likely to cause confusion, mistake, or deception of the relevant purchasing public and the relevant trade in the United

---

[1] The Agreement provides: "This Agreement shall be as far as legally permissible governed by Swiss Law. Exclusive place of jurisdiction shall be the commercial court of Bern/Switzerland." Exhibit H, ¶ 7 (k).

States as to the affiliation, connection, association, origin, sponsorship, or approval of FLYER e-bikes offered by Flyer AG in view of the relevant purchasing public's and the relevant trade's prior association of FLYER as a nickname for RADIO FLYER.

58. Flyer AG's use of FLYER on e-bikes in the United States constitutes unfair competition under 15 U.S.C. § 1125(a).

59. As a direct and proximate result of Flyer AG's unfair competition, Radio Flyer has suffered damages to its business, goodwill, and property. These damages will continue to grow as Flyer AG maintains its unfair competition, for which Radio Flyer has no adequate remedy at law.

60. Flyer AG's unfair competition has been and continues to be willful, deliberate, unfair, false, and deceptive.

61. Radio Flyer is entitled to: injunctive relief prohibiting Flyer AG from using FLYER on e-bikes in the United States; monetary relief in the form of, among other things, damages, including attorneys' fees, that Radio Flyer has sustained and will sustain; and all gains, profits, and advantages obtained by Flyer AG, directly and indirectly, resulting from Flyer AG's unfair competition.

**COUNT II: TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114, BASED ON RADIO FLYER'S PRIOR USE, AND REGISTRATION, OF PRO FLYER**

62. Radio Flyer incorporates and realleges the factual allegations set forth in all other paragraphs of this Complaint as though set forth fully herein.

63. Flyer AG's use of FLYER on e-bikes in the United States is likely to confuse, mislead, or deceive the relevant purchasing public and the relevant trade in view of Radio Flyer's prior use of, and registered rights in, PRO FLYER.

64. Flyer AG's use of FLYER on e-bikes in the United States constitutes trademark infringement under 15 U.S.C. § 1114.

65. As a direct and proximate result of Flyer AG's infringement, Radio Flyer has suffered damages to its business, goodwill, and property. These damages will continue to grow as Flyer AG maintains its infringing behavior, for which Radio Flyer has no adequate remedy at law.

66. Flyer AG's infringement has been and continues to be willful, deliberate, unfair, false, and deceptive.

67. Radio Flyer is entitled to: injunctive relief prohibiting Flyer AG from using FLYER on e-bikes in the United States; monetary relief in the form of, among other things, damages, including attorneys' fees, that Radio Flyer has sustained and will sustain; and all gains, profits, and advantages obtained by Flyer AG, directly and indirectly, resulting from Flyer AG's infringing acts.

## COUNT III: UNFAIR COMPETITION, 15 U.S.C. § 1125(a), BASED ON RADIO FLYER'S PRIOR USE OF PRO FLYER

68. Radio Flyer incorporates and realleges the factual allegations set forth in all other paragraphs of this Complaint as though set forth fully herein.

69. Flyer AG's use of FLYER on e-bikes is likely to cause confusion, mistake, or deception of the relevant purchasing public and the relevant trade in the United States as to the affiliation, connection, association, origin, sponsorship, or approval of FLYER e-bikes offered by Flyer AG in view of Radio Flyer's prior use of, and rights in, PRO FLYER.

70. Flyer AG's use of FLYER on e-bikes in the United States constitutes unfair competition under 15 U.S.C. § 1125(a).

71. As a direct and proximate result of Flyer AG's unfair competition, Radio Flyer has suffered damages to its business, goodwill, and property. These damages will continue to grow as Flyer AG maintains its unfair competition, for which Radio Flyer has no adequate remedy at law.

72. Flyer AG's unfair competition has been and continues to be willful, deliberate, unfair, false, and deceptive.

73. Radio Flyer is entitled to: injunctive relief prohibiting Flyer AG from using FLYER on e-bikes in the United States; monetary relief in the form of, among other things, damages, including attorneys' fees, that Radio Flyer has sustained and will sustain; and all gains, profits, and advantages obtained by Flyer AG, directly and indirectly, resulting from Flyer AG's unfair competition.

## COUNT IV: COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501

74. Radio Flyer incorporates and realleges the factual allegations set forth in all other paragraphs of this Complaint as though set forth fully herein.

75. The Pro Flyer Work (*see* ¶ 28) is wholly original with Radio Flyer.

76. Radio Flyer is the exclusive owner of all right, title, and interest therein, including all copyrights in the Pro Flyer Work.

77. The Pro Flyer Work is an original work containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et seq.*

78. The FLYER trademark that Flyer AG uses on e-bikes (*see* ¶ 42) is copied from, derivative of, or substantially similar to Radio Flyer's Pro Flyer Work.

79. Flyer AG's reproduction, distribution, and public display of the FLYER trademark that Flyer AG uses on e-bikes directly infringes Radio Flyer's exclusive rights in the Pro Flyer Work, in violation of § 501 of the Copyright Act, 17 U.S.C. § 501.

80. As a direct and proximate result of Flyer AG's infringement, Radio Flyer has suffered damages to its business, goodwill, and property. These damages will continue to grow as Flyer AG maintains its infringing behavior, for which Radio Flyer has no adequate remedy at law.

81. Flyer AG's infringement has been and continues to be willful, deliberate, unfair, false, and deceptive.

82. Radio Flyer is entitled to: injunctive relief prohibiting Flyer AG from using FLYER on e-bikes in the United States; monetary relief in the form of, among other things, damages, including attorneys' fees, that Radio Flyer has sustained and will sustain; and all gains, profits, and advantages obtained by Flyer AG, directly and indirectly, resulting from Flyer AG's infringing acts.

**COUNT V: VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510 *ET SEQ.*)**

83. Radio Flyer incorporates and realleges the factual allegations set forth in all other paragraphs of this Complaint as though set forth fully herein.

84. Flyer AG's aforementioned acts pass off its e-bikes as those of Radio Flyer, thereby causing a likelihood of confusion and/or misunderstanding as to source,

causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Radio Flyer and its products, misrepresenting that Flyer AG's e-bikes have Radio Flyer's approval, and creating a likelihood of confusion or misunderstanding, all among the relevant purchasing public and the relevant trade in the United States.

85. Flyer AG's aforementioned acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*

86. Radio Flyer has no adequate remedy at law, and Flyer AG's conduct has caused Radio Flyer to suffer damage to its reputation and associated goodwill. Unless enjoined by the Court, Radio Flyer will suffer future irreparable harm as a direct result of Flyer AG's unlawful activities.

## COUNT VI: COMMON LAW UNFAIR COMPETITION

87. Radio Flyer incorporates and realleges the factual allegations set forth in all other paragraphs of this Complaint as though set forth fully herein.

88. Flyer AG's aforementioned acts constitute unfair competition under Illinois common law.

89. Radio Flyer has no adequate remedy at law, and Flyer AG's conduct has caused Radio Flyer to suffer damage to its reputation and associated goodwill. Unless enjoined by the Court, Radio Flyer will suffer future irreparable harm as a direct result of Flyer AG's unlawful activities.

## RELIEF REQUESTED

WHEREFORE, Radio Flyer asks that judgement be entered in its favor and against Flyer AG as follows:

(a) Enjoining Flyer AG's use of FLYER, alone or with other words or symbols, in the United States;

(b) Awarding Radio Flyer its compensatory damages in an amount proven at trial;

(c) Awarding Radio Flyer an amount, to be proven at trial, that disgorges the profits Flyer AG has made from its unauthorized use of FLYER, alone or with other words or symbols, in the United States;

(d) Awarding Radio Flyer enhanced, punitive, and exemplary damages;

(e) Awarding Radio Flyer pre-judgment and post-judgment interest, costs, and attorneys' fees; and

(f) Granting Radio Flyer such further relief as is supported by the facts and law.

## JURY DEMAND

Radio Flyer demands a trial by jury on all issues so triable.

Dated: October 24, 2022            Respectfully submitted,

By: /s/ *Matthew Gryzlo*
Matthew Gryzlo
John Gabrielides
Dana Amato Sarros
Valerie Galassini Matthews
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Phone: (312) 357-1313
Fax: (312) 759-5646
mgryzlo@btlaw.com

jgabrielides@btlaw.com
dsarros@btlaw.com
vmatthews@btlaw.com